[No. D007569. Fourth Dist., Div. One. Apr. 17, 1989.]

In re HEATHER P., a Minor.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Petitioner and Respondent, v.
LEE P., Objector and Appellant.

**COUNSEL**

Kandy Koliwer and Irene Serlis, under appointments by the Court of Appeal, for Objector and Appellant.

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman, D. Michael Ebert and Edward Mantyla, Deputy District Attorneys, for Petitioner and Respondent.

Paul J. Spiegelman, under appointment by the Court of Appeal, for Minor.

OPINION

FROEHLICH, J.—In this appeal we determine Welfare and Institutions Code[1] section 366.3 precludes presenting evidence to challenge a juvenile court's custody order at a review hearing after a permanency plan. A petition under section 388 is adequate means to present such a challenge.

I

FACTUAL AND PROCEDURAL BACKGROUND

A petition seeking to declare Heather P. (born August 26, 1981) to be a dependent child of the juvenile court under the provisions of section 300(d) was filed on November 22, 1985. The petition alleged Heather's home was an unfit place for Heather due to her mother's neglect, in that Heather showed physical symptoms of sexual molestation. The alleged perpetrator of the molestation was the mother's boyfriend.

At the December 6, 1985, dispositional hearing,[2] Heather was declared a dependent child of the juvenile court and placed with her maternal aunt. At the permanency planning hearing[3] on December 9, 1986, the court made an express finding that returning Heather to her mother would create a substantial risk of detriment to Heather's physical or emotional well-being and therefore it was unlikely she would be returned within six months. The report prepared by the case social worker indicated the mother was motivated to work toward reunification but would have considerable difficulty being an appropriate parent or providing for Heather's special needs. The court continued Heather's placement with her aunt, pending placement in licensed foster care.[4]

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified. When referring to statutory subparts we omit repetition of the word "subdivision."

[2] When the court finds a minor is a person described in section 300, it must hold a hearing to hear evidence on the question of the proper disposition to be made of the case. (§ 358; Cal. Rules of Court, rule 1376(a).)

[3] If a minor cannot be returned home, a court must conduct a permanency planning hearing to determine the minor's future status. (§ 366.25(a).)

[4] Heather's aunt had indicated she would not care for Heather beyond six more months. She and her husband later agreed to continue their commitment to care for her. The court

At a subsequent permanency planning hearing on June 5, 1987, the court again found it would be detrimental to Heather's best interests to be placed with her mother. The court continued Heather's dependent child status and continued placement with her aunt.[5]

At a six-month review hearing held on December 4, 1987, the social worker's report recommended continuing Heather's placement with her aunt. This recommendation was contested by the mother, and the matter was continued until January 13, 1988.

At the January 13 hearing the mother's counsel stated she was prepared to present evidence that the court could no longer find that the mother should continue to be deprived of custody. The court refused to hear the evidence, indicating under section 366.3 such an issue was not before it. The court determined the only issue for it to decide was whether the case plan should be continued. It indicated the appropriate procedure to challenge the custody order was to petition the court under section 388 on the grounds of a change of circumstances. The court then continued Heather as a dependent child of the court, and continued placement with the aunt. The mother's application for a rehearing was denied.

■ ■■■ ■ ■■ The mother appeals, contending section 366.3(c) does not preclude a parent from presenting evidence to challenge a custody order at a review hearing after a permanency plan. She maintains the juvenile court violated her constitutional rights to substantive and procedural due process by not allowing her to present such evidence at the review hearing.[6]

---

found Heather was not considered adoptable because of psychological and other problems. Although the court did not explicitly so state, we assume that placement with Heather's aunt pending placement in long-term foster care was the court's permanency plan for Heather at the December 9 hearing.

[5]It is clear from the record that both at the December 1986 and June 1987 hearings the court considered that it had made a permanency plan order. Under section 366.25 there are three types of permanent plans: adoption, legal guardianship, or long-term foster care. A "reunification plan," which seeks as its ultimate objective the reunification of parent and child, is appropriate during the time-limited reunification period of 12 to 18 months prior to permanency planning. (See § 361.5(a); Cal. Rules of Court, rule 1377(g).) Notwithstanding the court's decision to implement a permanency plan, it nevertheless at both the December and June hearings ordered that a reunification plan remain in effect. Ordinarily, neither a reunification plan nor reunification services are appropriate in a postpermanency-planning setting. We believe from the entire record the court did not intend, by its continued reference to a "reunification plan," to undermine its implementation of the permanency plan. A case can, of course, be taken out of permanency planning and ordered back into a period of reunification pursuant to section 366.3. That was not, however, the court's intention in this case, as is illustrated by its refusal to hear evidence pertaining to potential change of custody at the later hearing in January of 1988.

[6]Heather's attorney suggests the appeal is moot because of events which happened after the mother filed her notice of appeal. Since these events occurred after the order being appealed, however, they can have no effect on our review. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 252, pp. 258-259.)

## II

## DISCUSSION

The juvenile court did not deny the mother's due process rights by refusing to hear the evidence she wished to present.

### A

An important purpose of dependency proceedings is to provide children with stable, permanent homes. To fulfill that purpose, the juvenile court is required to conduct a permanency planning hearing no more than 12 months after a disposition hearing in which a child was removed from the parents' custody. (§ 366.25(a).) After the permanency plan has been formed, the court must review the child's status every six months as long as it retains jurisdiction. (§ 366.3(a) and (c).) Section 366.3(c) governs review hearings for a child like Heather, who has been placed in other than a preadoptive home or the home of a legal guardian under a permanency plan. That section indicates that such a review has a limited purpose. It states in pertinent part: "The reviewing body shall inquire about the progress being made to provide a permanent home for the minor and shall determine the appropriateness of the placement, the continuing appropriateness and extent of compliance with the permanent plan for the child, the extent of compliance with the case plan, and the adequacy of services provided to the child.

". . . . . . . . . . . . . . . . . . .

"It shall be presumed that continued care is in the interests of the minor, unless the parent or parents prove, by a preponderance of the evidence, that further efforts at reunification are the best alternative for the minor. In those cases, the court may order that further reunification services be provided to the parent or parents for a period not to exceed six months."

We find nothing in the language of this statute to indicate that during a review hearing a court should consider whether to return a child to a parent's custody. The court made an explicit finding at the permanency planning hearing that returning Heather to her mother's custody would create a substantial risk of detriment to her well-being. After the court had made that finding, it did not need to continue to make it at each subsequent review. (*In re Elizabeth G.* (1988) 205 Cal.App.3d 1327 [253 Cal.Rptr. 161].) ■ We agree with the juvenile court's view that the permanency planning procedure allows "the child permanency and the department [of social services] the opportunity to provide the child with services, rather than constantly relitigating the necessity of the child's permanent planning continuing." ■ It was incumbent upon the court to limit the evidence to those issues it was required to consider under section 366.3(c).

The mother argues the court should have heard her evidence because section 366.2 requires a court to return the child to a parent unless it finds the return would create a risk of detriment to the child. Her reliance on this section is misplaced. A review hearing after a permanency plan is governed by section 366.3, not by section 366.2. (*In re Elizabeth G., supra,* 205 Cal.App.3d 1327.)

The mother also claims it was inconsistent for the court to find there would be a risk to Heather if placed in her mother's care after indicating at the same hearing this was not an issue to be decided. This argument is groundless. The court did not make the finding at the review hearing, but at the earlier permanency planning hearing.

## B

Section 388 and California Rules of Court,[7] rules 1391(c) and 1393, provide adequate means to challenge a custody order. Under this procedure a parent may petition the court on grounds of a change of circumstances or new evidence, to change, modify, or set aside a court order or terminate jurisdiction. If the court determines the best interests of the child may be promoted by any of these changes, it must order a hearing on the matter.[8]

The mother claims this procedure is inadequate to protect her due process rights because it gives the court discretion to determine whether to grant a hearing. She argues the procedure does not consider the parent's rights, and the standard the court must use (the best interests of the child) is deficient because it does not identify the specific factors which should be considered. She also claims the procedure takes too much time.

These arguments are without merit. The court is required to construe liberally the petition in favor of its sufficiency. (Rule 1393(a).) Thus, if the petition presents any evidence that a hearing would promote the best interests of the child, the court will order the hearing.

The requirement to petition the court for a hearing must be viewed in the context of the dependency proceedings as a whole. At each hearing until after the permanency plan, the mother had the right to present evidence that Heather could be returned home safely. By the time the permanency plan was formed, the court reasonably assumed the mother would not be able to eliminate the problems which required Heather's placement outside her home. After the permanency plan it was reasonable to require her to

---

[7] All rule references are to the California Rules of Court.

[8] In fact, subsequent to the hearing which is the subject of this appeal, the mother followed this procedure and filed a section 388 petition, challenging the custody order. There is no indication in our records of any action taken on that petition.

petition the court if she wished to present evidence that her circumstances had changed.

The "best interests of the child" standard is sufficiently clear. Although the specific factors a court must consider vary with each case, each child's best interests would necessarily involve eliminating the specific factors which required placement outside the parent's home.

The time required for a section 388 petition is not excessive. If a hearing is granted, it must be set for not more than 30 days after the filing of the petition. (§§ 388, 387(b); rule 1393(d).) This short delay is insignificant when considering the importance of a stable, appropriate home for Heather and the fact that the conditions which required placing her out of her mother's custody had existed for over two years.

### C

The mother also argues her rights to substantive due process were violated because the court deprived her of fundamental parental rights without a hearing in the absence of a compelling state interest. This claim also is unfounded. The Legislature has declared that California has an interest in providing stable, permanent homes for children who have been removed from parental custody and for whom reunification efforts with the parents have been unsuccessful. (§ 366.25(a); *In re Mark V.* (1986) 177 Cal.App.3d 754, 760 [225 Cal.Rptr. 460].) We believe this interest is compelling. The state's interest requires the court to concentrate its efforts after a permanency plan on the child's placement and well-being, rather than on a parent's challenge to a custody order. The mother was not deprived of substantive due process because she was required to petition the court to hear her challenge to the custody order.

### DISPOSITION

The order is affirmed.

Kremer, P. J., and Huffman, J., concurred.

On May 16, 1989, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied July 12, 1989.