[No. H006027. Sixth Dist. June 4, 1990.]

In re ELAINE E. et al., Persons Coming Under the Juvenile Court Law.
RICHARD R. O'NEIL, as Director, etc., Plaintiff and Respondent, v. EMERY E., Defendant and Appellant.

**COUNSEL**

Green & Evans and Terry Green for Defendant and Appellant.

Leo Himmelsbach, District Attorney, Robert J. Masterson, Deputy District Attorney, Steven M. Woodside, County Counsel, and L. Michael Clark, Deputy County Counsel, for Plaintiffs and Respondents.

## OPINION

## AGLIANO, P. J.—

### Introduction

Emery E. appeals from a juvenile court order dismissing dependency petitions (Welf. & Inst. Code, § 300)[1] which had been filed on behalf of his three natural children (minors) after he had sexually molested his adopted daughter.[2] Appellant argues the trial court erred prior to terminating the proceedings when it refused to allow him to present evidence in support of his request for unsupervised visitation. As this contention lacks merit we will affirm.

### Facts and Proceedings

Shortly after the petitions were filed in March 1985 the minors were adjudged dependents of the juvenile court. Their mother was given physical custody and appellant was prohibited from contacting the minors except with probation department supervision. Periodic review hearings pursuant to section 364 were held in the dependency actions and the juvenile court orders remained in effect without substantial change from April 1985 through July 1987, when the court permitted appellant to have weekly supervised visits with the minors. This visitation schedule remained in effect until the time the petitions were dismissed in favor of transfer to family court.

At the review hearing held in May 1989, the social worker indicated that she favored continued dependency with the appellant being permitted to have an unsupervised visit with the minors during the week. The trial court indicated that rather than continue the dependency proceedings it was inclined to dismiss the petitions and transfer the custody and visitation orders to the family law department of the superior court.[3] Counsel for appellant stated that appellant "really doesn't care whether dependency is continued or not as long as he's not precluded from the opportunity to continue his contact with the children in some form." The court informed appellant that it would not consider modifying visitation unless appellant could show "changed circumstances" under section 388. Later in the

[1] Subsequent unspecified section references are to the Welfare and Institutions Code.

[2] A petition was also filed on behalf of the adopted daughter and she too was made a dependent of the juvenile court. The adopted daughter's dependency petition was dismissed after she reached her 18th birthday, and it is not at issue on appeal.

[3] The mother had filed for dissolution of marriage before the petitions were filed, and a judgment of dissolution was entered in December 1986.

hearing the social worker indicated she was changing her recommendation to dismissal of the dependency petitions with the transfer of the custody and visitation orders to family court. The trial court concluded the hearing by directing the social worker to prepare a proposed family court order. The hearing was continued so that the parties could review the proposed order. The court reiterated that it would not consider a change in visitation unless appellant showed changed circumstances or the family court order itself significantly altered the existing juvenile court orders.

At the continued hearing the mother joined the probation department's recommendation that the dependency petitions be dismissed. Appellant did not object to dismissal but asserted that he had a right to a hearing and to present evidence regarding visitation. The trial court dismissed the dependency petitions and issued an order to be transferred to and filed in the family court dissolution action between appellant and mother. The order granted joint legal custody to appellant and mother, physical custody to the mother, and supervised weekly visitation to appellant. The court declined appellant's request for increased or unsupervised visitation because he had failed to show changed circumstances under section 388 and the proposed family court order was substantially similar to the existing juvenile court orders.

*Discussion*

■   As a preliminary matter we observe that the appeals are taken from the orders dismissing the dependency petitions. Section 395 provides that "[a] judgment in a proceeding under Section 300 may be appealed from in the same manner as any final judgment . . . ." The record does not disclose that judgments dismissing the dependency petitions were ever entered. Since orders dismissing dependency petitions are not one among the orders made appealable under Code of Civil Procedure section 904.1, it follows that the appeals are taken from nonappealable orders. In order to promote judicial economy and substantial justice, however, we deem each of the orders dismissing the petitions to include a judgment of dismissal and treat the notices of appeal prematurely filed to be notices of appeal from these judgments and proceed to the merits. (Cal. Rules of Court, rule 2(c); cf. *Tenhet* v. *Boswell* (1976) 18 Cal.3d 150, 154 [133 Cal.Rptr. 10, 554 P.2d 330].)

■   Appellant contends the trial court erred when it failed to allow him to present evidence at the section 364 review hearing prior to termination of the dependency proceedings. In appellant's view, he was entitled to present evidence at that hearing even without a showing of changed circumstances. Alternatively, appellant contends that changed circumstances were present

due to the social worker's May 1989 recommendation for unsupervised visitation and the transfer of the juvenile orders to family court.

Appellant misapprehends the purpose and scope of a section 364 review hearing. Subdivision (a) thereof provides for six-month review hearings in cases "in which an order is made placing a minor under the supervision of the juvenile court pursuant to Section 300 and in which the minor is not removed from the physical custody of his or her parent . . . ." Subdivision (c) makes clear that the purpose of the review hearing is to determine whether continued juvenile court supervision is necessary. It states: "After hearing any evidence presented by the probation officer, the parent, the guardian, or the minor, *the court shall determine whether continued supervision is necessary. The court shall terminate its jurisdiction* unless the probation department establishes by a preponderance of evidence that the conditions still exist which would justify initial assumption of jurisdiction under Section 300, or that such conditions are likely to exist if supervision is withdrawn. . . ." (Italics added.) By its very terms section 364 limits the court's inquiry to whether the conditions for continuing supervision exist. Appellant's argument places undue reliance on the opening clause of this subdivision, namely, "[a]fter hearing any evidence presented by . . . the parent," while disregarding the purpose for which such evidence is presented, that is, to "determine whether continued supervision is necessary." In other words, this subdivision does not allow the parties to present evidence on *any* issue, as appellant appears to assume; rather, the court's inquiry (and parties' right to present evidence) is limited to whether continued supervision is necessary. Since appellant did not offer to present any evidence regarding continued supervision, he was not denied due process of law.[4]

■  Appellant also proposes the trial court improperly applied the concept of changed circumstances in refusing to allow him to argue for unsupervised visitation. We think the trial court correctly decided that appellant was not entitled to present evidence on the issue of visitation either at a review hearing, a termination hearing, or any other hearing unless he first showed changed circumstances pursuant to section 388, which provides: "Any parent or other person having an interest in a child who is a dependent child of the juvenile court . . . may, *upon grounds of change of circumstance or new evidence,* petition the court in the same action in which the child was found to be a dependent child of the juvenile court for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court. The petition shall be verified and

---

[4]This conclusion makes it unnecessary to consider respondent's argument that subdivision (c) does not permit the noncustodial parent to present evidence regarding the need for continuing supervision.

. . . shall set forth in concise language any change of circumstance or new evidence which are alleged to require such change of order or termination of jurisdiction. . . ." (Italics added.) This section plainly provided a vehicle for appellant to petition the court for increased or unsupervised visitation if he were dissatisfied with the existing juvenile court visitation orders. (See also Cal. Rules of Court, former rules 1391 and 1393 [specifying procedures for modification requests].)

We do not agree with appellant's assertion that section 388 is merely alternative to section 364. Section 364 hearings focus on whether continued supervision is necessary while section 388 hearings focus on whether an existing order should be modified. Where, as here, the noncustodial parent seeks modification of an existing order, he must comply with the specific requirements of section 388. These requirements may not be avoided by making the motion in a section 364 hearing. While we can envision consideration of a section 388 petition concurrent with a section 364 hearing, the moving party is still held to its burden of showing changed circumstances. The trial court here invited appellant to file a section 388 petition but he declined to do so. Without the requisite proof of changed circumstances the trial court properly rejected appellant's request to modify the existing visitation order. (Cf. *In re Audrey D.* (1979) 100 Cal.App.3d 34, 43-45 [160 Cal.Rptr. 802]; *In re Heather P.* (1989) 209 Cal.App.3d 886, 891-892 [257 Cal.Rptr. 545], mod. 210 Cal.App.3d 730b.)

■ Notwithstanding the lack of a section 388 petition, appellant contends changed circumstances were shown by the social worker's recommendation that appellant be permitted unsupervised visitation. We do not believe the probation department recommendation, standing alone, represented a change in factual circumstances as contemplated by section 388. Nor is transfer of the juvenile court orders to family court itself evidence that circumstances had changed. While there are differences in the powers and duties of the juvenile and family courts, section 362.4 expressly provides for the transfer of juvenile court orders to family court upon termination of dependency proceedings. Here, the order to be filed in family court was substantially similar to the long-standing juvenile court orders and appellant failed to demonstrate any basis for a change. Thus, an evidentiary hearing was unnecessary. Indeed, as the trial court noted, if there were facts justifying a modification of visitation, appellant had a remedy by moving to modify the order in family court. Since the standards for modifying visitation by a noncustodial parent are the same under section 388 and in the family court, namely, changed circumstances (*In re Marriage of Carney* (1979) 24 Cal.3d 725, 730-731 [157 Cal.Rptr. 383, 598 P.2d 36]; accord *Burchard* v. *Garay* (1986) 42 Cal.3d 531, 535 [229 Cal.Rptr. 800, 724 P.2d 486, 62 A.L.R.4th 237]), there was no error.

*Disposition*

The orders dismissing the petitions, as modified herein, are affirmed.

Capaccioli, J., and Bamattre-Manoukian, J., concurred.

On June 22, 1990, the opinion was modified to read as printed above.