5 Cal.App.4th 687 (1992)
7 Cal. Rptr.2d 139
In re MICHAEL R., a Person Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent,
v.
TONYA R., Defendant and Appellant.
TONYA R., Petitioner,
v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Real Party in Interest.
Docket Nos. D013953, D014350, D014385.
Court of Appeals of California, Fourth District, Division One.
April 15, 1992.
*689 COUNSEL
William R. Salisbury, under appointment by the Court of Appeal, for Defendant and Appellant and for Petitioner.
Lloyd M. Harmon, Jr., County Counsel, Susan Strom, Chief Deputy County Counsel, and James H. Wellman, Deputy County Counsel, for Plaintiff and Respondent and for Real Party in Interest.
No appearance for Respondent Superior Court.
Christopher Blake for Minor.
*690 OPINION
WIENER, Acting P.J.
Tonya R., the mother of two-year-old Michael R., challenges certain juvenile court orders arising from Michael's ongoing dependency proceeding in two separate appeals, D014350 and D013953, and a petition for writ of mandate, D014385. Although we conclude two of Tonya's arguments are now moot, we decide the court prejudicially erred by failing to exercise its discretion when it denied Tonya's Welfare and Institutions Code section 352[1] motion to continue the selection and implementation hearing under section 366.26. (See Cynthia D. v. Superior Court (1992) 3 Cal. App.4th 913 [4 Cal. Rptr.2d 909] review granted Apr. 23, 1992 (S025807).) We therefore reverse the judgment in Tonya's appeal from the section 366.26 hearing (D014350), but deny her petition for writ of mandate D014385 and dismiss her appeal (D013953) as moot.

PROCEDURAL BACKGROUND
On October 11, 1989, the department of social services (DSS) petitioned on behalf of Michael under section 300, subdivision (b)[2] alleging his tests at birth were positive for cocaine as a result of his mother's "unreasonable and neglectful acts." The court declared Michael a dependent child on October 23, 1989.
At the dispositional hearing on November 14, 1989, Michael was placed in the home of his maternal grandmother. Tonya was allowed to live there provided she tested negatively for drugs, attended meetings of Narcotics Anonymous and continue drug rehabilitation. DSS developed reunification plans for Tonya and Michael's father.
At the six-month review hearing on May 10, 1990, the court ordered Tonya could have unsupervised visits with Michael at the discretion of the social worker. The court, however, did not return Michael to either parent.
Because of his grandmother's open heart surgery, Michael was placed with his maternal aunt on November 7, 1990.
Following the contested section 366.21 12-month review hearing held on December 17 and 18, 1990, the juvenile court determined that returning *691 Michael to Tonya would create a substantial risk of detriment to his physical and/or emotional well-being; there was not a substantial probability Michael would be returned to his mother within 6 months; and DSS had provided reasonable services. The court ordered a section 366.26 hearing for April 16, 1991. Pending the hearing Michael was permitted to remain with his maternal aunt, reunification services were to be terminated and "the mother [was to] receive counseling so that the goal of unsupervised visits [might be] met."
Tonya initially appealed this order (D013953), but at our request pursued her arguments in a writ petition.
Before the juvenile court started the section 366.26 selection and implementation hearing on April 16, 1991, it heard and denied Tonya's section 352 motion for a continuance. The court then proceeded with the selection and implementation hearing and found Michael was not adoptable because he was "part of a bonded sibling group; and further, that he has had direct contact through visitation with his mother and that contact will be beneficial to him." The court also determined there was no adult available to act as Michael's guardian and therefore ordered Michael remain with his maternal aunt in long-term foster care. Finding "reunification services [were] in the best interest of the minor" and over DSS's objection, the court also ordered reunification services under section 366.3, subdivision (c)[3] be provided to Tonya for an additional six months. Tonya also appeals this judgment.

DISCUSSION

I
Initially we note our task has been simplified by the passage of time which permitted us to consolidate Tonya's appeal and petition for extraordinary relief relating to the December 1990 order directing a section 366.26 hearing with the appeal from the judgment resulting from that hearing. The juvenile court's later order directing that Tonya receive additional reunification services under section 366.3, subdivision (c) moots her contention relating to *692 the insufficiency of the evidence to support the court's earlier finding DSS had provided adequate reunification services. In addition because of the later order instituting further reunification services there is no need to address her constitutional arguments pertaining to subdivisions (g) and (h) of section 366.21.[4]

II
(1) Tonya's remaining argument is directed to the juvenile court's denial of her section 352 motion[5] to continue the section 366.26 hearing until she could complete her residential drug treatment program. Classes under the program continued for about three months after the date on which the section 366.26 hearing was to be held thereby making it impossible for Tonya to satisfy that requirement. The minor's counsel did not oppose the continuance.
The court, basing its ruling on its interpretation of the "limited purposes" of the section 366.26 hearing, explained that "... it appears ... the Legislature has mandated that even for compassionate reasons ... the Court is precluded from considering return absent a 388 motion, once we are at the two-six hearing, [366.26] which is unfortunate because the mother is making great strides, ..."
The "limited purposes" referred to by the court are set out in section 366.26, subdivision (b)(1) through (b)(4).[6] As we shall explain we conclude the court erred in believing it had no authority to make an order other than that permitted by the foregoing.
*693 Although Tonya's section 352 motion to continue the section 366.26 hearing was calendared for the same date as the hearing itself, it is clear the motion, a distinct proceeding authorized by separate statutory provision, could have been calendared on an earlier date. Setting the motion for the same date as the hearing appears to have been done for convenience only to accommodate the court, counsel and interested parties thereby eliminating costs associated with making two court appearances rather than one. Concerns with efficiency resulting in calendaring the section 352 motion for the same day as the section 366.26 hearing did not eliminate the court's power to consider the merits of the section 352 motion. This conclusion is consistent with our recent decision in In re Jeremy W., supra, 3 Cal. App.4th 1407, 1416, fn. 14 where we explained that if a section 388[7] motion was filed before a section 366.26 hearing, "we see no reason why ... such matters could not be consolidated in time so long as the section 388 petition is decided first." The same principle applies here. In such circumstances section 366.26 limitations on what the juvenile court may do at the hearing do not apply. (See § 366.26, subds. (c)(1)-(c)(5), (f).)[8]
*694 (2) More significantly, to accept DSS's assertion the court could not consider the merits of Tonya's motion to continue the hearing except as provided by section 366.26 ignores section 352's pervasive language which expressly provides "upon request of counsel for the parent ... the court may continue any hearing ... beyond the time limit within which the hearing is otherwise required to be held." (Italics added, see fn. 5, ante.) Although specific statutory provisions will generally take precedence over a general provision (People v. Gilbert (1969) 1 Cal.3d 475, 479] 82 Cal. Rptr. 724, 462 P.2d 580]), we cannot disregard the legislative choice of the word "any" in a provision which manifests the Legislature's concern with the importance of time constraints in dependency proceedings.
The Legislature's awareness of the importance of prompt and permanent placement of the minor is seen in section 352 which precludes the juvenile court from granting a continuance where it is contrary to the best interests of the minor. Section 352 mandates that before the court can grant a continuance it must "give substantial weight to a minor's need for prompt resolution of his or her custody status, the need to provide children with stable environments, and the damage to a minor of prolonged temporary placements." (§ 352, subd. (a).) Based on the clear and unambiguous language of section 352 we hold a court has discretion to consider a motion for continuance which is to be heard before the commencement of a selection and implementation hearing under section 366.26.
Our holding is consistent with the overriding purpose governing dependency proceedings  the welfare of the minor. Section 352 contemplates there may be circumstances which will warrant a continuance of any scheduled hearing. When such circumstances arise the parent of a dependent child should be able to postpone the hearing so that he or she will be able to proceed under section 388. "There are some cases which may necessitate additional time so that the changing relationship between the minor and his or her parents can be examined." (In re Sean E., supra, 3 Cal. App.4th, 1594, 1599.) Recognizing there might be circumstances where a parent would not have sufficient information to permit the filing of a section 388 petition, the Legislature enacted section 352 so a party could continue the section 366.26 hearing to acquire the facts necessary to be able to make an adequate showing to obtain a section 388 hearing and ultimately, depending on the facts, to prevail in such a proceeding.
*695 The issue here, although in a different procedural context is analogous to the issue presented in In re Jeremy W., supra, 3 Cal. App.4th 1407. In that case the trial court summarily denied the mother's timely section 388 petition to modify the order setting the section 366.26 hearing, and three days later at the section 366.26 hearing terminated the mother's parental rights. We reversed stating, "In the chronology of these events, a fair hearing on the section 388 petition was a procedural predicate to proceeding to the section 366.26 hearing and disposition." (In re Jeremy W., supra, 3 Cal. App.4th 1407, 1416, fn. omitted.) The same reasoning applies here: Tonya's timely section 352 motion was a procedural predicate to proceeding to a section 388 hearing, which in turn was essential before a fair section 366.26 hearing could be conducted.
This case reflects the importance of section 352. For reasons which are unclear the reunification services offered to Tonya required her to complete a program that she could not possibly finish before the scheduled 366.26 hearing. She therefore wanted to continue that hearing so she could do so. In denying her motion the court's comments make clear that it wanted to grant her request but thought it lacked jurisdiction to do so. Because the court's premise was incorrect, we conclude the court erred in failing to exercise its discretion in ruling on Tonya's section 352 motion to continue the hearing. Whether that error was prejudicial requires further discussion.

III
(3) The determination as to whether the error here should be treated as prejudicial requires us to consider the effect of the error, if any, on Tonya if she were to seek relief under sections 366.3, 385[9] or 388. (See ante, fns. 3, 7, & 9.) However, in each of those proceedings which would follow the order for long-term foster care she would have the burden of demonstrating by a preponderance of the evidence that (1) additional reunification efforts are the best alternative for the minor (§ 366.3) and (2) that the court's prior order should be modified or set aside (§ 385) or (3) there is new evidence or a change of circumstances which merits a change in the earlier order (§ 388). Although an error which causes a shifting of the burden of proof will not always be prejudicial we conclude here that it is.
We are unwilling to accept DSS's argument that the shifting of the burden of proof to Tonya in each of these proceedings is "neither unreasonable nor particularly onerous" because it is analogous to other prepermanent planning. (See §§ 355.1, 366.21, subd. (f), 366.22, subd. (a).) The focus during *696 the prepermanent planning stages is preserving the family whenever possible (Cynthia D. v. Superior Court, supra, 3 Cal. App.4th 913, 923, review granted Apr. 23, 1992 (S025807)) whereas the focus after the permanent planning hearing is to provide the dependent children with stable, permanent homes. (In re Heather P., supra, 209 Cal. App.3d 886, 892.)
The prepermanency planning statutes DSS cites are exceptions which arise by some act or omission by the parent. (E.g., §§ 366.21 subd. (f) and 366.22 subd. (a) provide that a parent's failure to participate in court-ordered treatment programs shall constitute prima facie evidence that return of the minor would be detrimental.) (4) However "The presumption in every hearing is in favor of the parent, and continued severance of parental relationship is achieved only if the state meets its affirmative burden of proof." (In re Cynthia D., supra, 3 Cal. App.4th 913, 933, review granted Apr. 23, 1992 (S025807).) Accepting DSS's argument would be tantamount to saying burdens of proof in dependency cases are irrelevant, a concept contrary to the intent manifested by the Legislature requiring different burdens of proof at different stages of the proceedings. "[T]his elaborate scheme of measures [involving burdens of proof is] designed to protect parental interest while yet focussing on the well-being of the child ..." (Cynthia D. v. Superior Court, supra, at p. 933.) Because the error here is prejudicial, we reverse the judgment for further proceedings consistent with this opinion.

DISPOSITION
The judgment in appeal D014350 is reversed. The appeal of the order in D013953 is dismissed and the petition for writ of mandate is denied. The cases are remanded for further proceedings consistent with this opinion.
Benke, J., and Nares, J., concurred.
NOTES
[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.
[2] Section 300, subdivision (b) directs the juvenile court to declare a minor a dependent child when the minor has suffered, or there is a substantial risk the minor will suffer, serious physical harm or illness, as a result of the failure or inability of the minor's parents to adequately supervise or protect him or as a result of their willful or negligent failure to provide the minor with adequate food, clothing, shelter, or medical treatment.
[3] Section 366.3, subdivision (c) provides in part:

"If the minor is in a placement other than a preadoptive home or the home of a legal guardian and jurisdiction has not been dismissed, the status of the minor shall be reviewed every six months....
"............................
"... It shall be presumed that continued care is in the interests of the minor, unless the parent or parents prove, by a preponderance of the evidence, that further efforts at reunification are the best alternative for the minor. In those cases, the court may order that further reunification services be provided to the parent or parents for a period not to exceed six months."
[4] Our decision not to reach Tonya's constitutional arguments should not be construed as indicating either a lack of energy or interest on our part. We have not been lethargic in making our views known on how we believe the statutes governing dependency proceedings should be interpreted and/or whether such statutes are constitutional. (See e.g. In re Heather P. (1989) 209 Cal. App.3d 886 [257 Cal. Rptr. 545]; In re Taya C. (1991) 2 Cal. App.4th 1 [2 Cal. Rptr.2d 810]; Cynthia D. v. Superior Court, supra, 3 Cal. App.4th 913, review granted Apr. 23, 1992 (S025807); In re Jeremy W. (1992) 3 Cal. App.4th 1407 [5 Cal. Rptr.2d 148]; In re Sean E. (1992) 3 Cal. App.4th 1594 [5 Cal. Rptr.2d 193]; In re Marilyn H. (1992) 3 Cal. App.4th 138 [4 Cal. Rptr.2d 79] review granted Apr. 23, 1992 (S025592).) As noted above our reticence here is solely because the constitutional issues pertaining to the section 366.21 hearing are now moot. Moreover we have every confidence these issues will not escape appellate review in light of the large number of dependency cases inundating the appellate courts.
[5] Section 352 provides in part that,

"(a) Upon request of counsel for the parent ... the court may continue any hearing under this chapter beyond the time limit within which the hearing is otherwise required to be held, provided that no continuation shall be granted that is contrary to the interest of the minor. In considering the minor's interests, the court shall give substantial weight to a minor's need for prompt resolution of his or her custody status, the need to provide children with stable environments, and the damage to a minor of prolonged temporary placements." (Italics added.)
[6] Section 366.26 subdivision (b) provides:

"(b) At the hearing ... the court ... shall do one of the following:
"(1) Permanently sever the parent or parents' rights and order that the child be placed for adoption.
"(2) Without permanently terminating parental rights, identify adoption as the permanent goal and order that efforts be made to locate an appropriate adoptive family for the minor for a period not to exceed 60 days.
"(3) Without permanently terminating parental rights, appoint a legal guardian....
"(4) Order that the minor be placed in long-term foster care, subject to the regular review of the juvenile court."
[7] Section 388 provides in part:

"Any parent ... having an interest in a [dependent] child ... may, upon grounds of change of circumstance or new evidence, petition the court in the [dependency proceeding] for a hearing to change, modify, or set aside any order of court previously made....
"If it appears that the best interests of the child may be promoted by the proposed change of order ... the court shall order that a hearing be held...."
[8] Section 366.26, subdivision (c) states what the court shall do at the hearing, and provides in part:

"(1) The court shall terminate parental rights only if it determines by clear and convincing evidence that it is likely that the minor will be adopted....
"............................
"(3) If the court finds that termination of parental rights would not be detrimental to the minor ... and that the minor has a probability for adoption but is difficult to place for adoption ... the court may identify adoption as the permanent placement goal and without terminating parental rights, order that efforts be made to locate an appropriate adoptive family for the minor for a period not to exceed 60 days....
"(4) If the court finds that adoption of the minor or termination of parental rights is not in the interests of the minor ... the court shall either order [legal guardianship or long-term foster care].
"(5) [If adoption, legal guardianship and long-term foster care are all inappropriate] the court may order the care, custody, and control of the minor transferred ... to a licensed foster family agency. [This agency] ... shall place the minor in a suitable licensed or exclusive-use home...."
Section 366.26, subdivision (f) provides: "The court may continue the proceeding for not to exceed 30 days as necessary to appoint counsel, and to enable counsel to become acquainted with the case."
[9] Section 385 provides:

"Any order made by the court ... may at any time be changed, modified, or set aside, as the judge deems meet and proper, subject to such procedural requirements as are imposed by this article."