Filed 6/26/13  In re K.W. CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| In re K.W. et al., Persons Coming Under the Juvenile Court Law. | C071770 |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, | (Super. Ct. Nos. JD229602, JD229603, JD229604) |
| Plaintiff and Respondent, | |
| v. | |
| ADRIAN W., | |
| Defendant and Appellant. | |

Adrian W., father of the minors, appeals from the denial of his petitions for modification.  (Welf. & Inst. Code, §§ 388, 395.)[1]  He contends the juvenile court abused its discretion in summarily denying his petitions without a hearing.  We reject this, as well as his other tangential contentions, and shall affirm.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

# FACTUAL BACKGROUND

On April 22, 2009, the Sacramento County Department of Health and Human Services (the Department) filed section 300 petitions on behalf of minors D.W. (then age seven), J.W. (then age five), and K.W. (then age one), based on mother's substance abuse problems and failure to protect and care for the minors. Appellant, found to be the presumed father of all three minors,[2] had been incarcerated since November 2007 for physically assaulting mother. Appellant's criminal history included six felonies, parole violations, and 11 misdemeanors, for offenses such as assault to commit rape, kidnap with use of a firearm, battery, theft, failure to register as a sex offender, and inflicting corporal injury on a cohabitant. The juvenile court sustained the petitions and provided mother with family maintenance services. Appellant was found to be "the non-offending, non-custodial parent not seeking services or placement of the children." The minors had not visited appellant since his incarceration and the juvenile court ordered no contact, finding visitation with him would jeopardize the minors' safety. In December 2009, the Department assessed possible visitation with appellant and the juvenile court again ordered that appellant have no contact with the minors other than monitored letter contact.

Mother did not participate in services and, on January 14, 2010, the minors were ordered removed from her home. Mother was provided reunification services. Appellant's counsel inquired into reunification services and requested visitation. The juvenile court reaffirmed its previous orders, noting any change would require that appellant file a petition for modification.

---

[2]  Appellant is the biological father of D.W. and J.W. and had a prior judgment of paternity as to these two minors. Appellant is not the biological father of K.W. but the juvenile court found him to be the minor's presumed father.

Mother still did not participate in services and, on July 1, 2010, the juvenile court terminated reunification services. In October 2010, the social worker reported that all three minors were displaying aggression and K.W.'s speech was delayed. D.W. and J.W. were in therapy and D.W. was demonstrating sexualized behavior toward his siblings.

In January 2011, the social worker assessed the minors were not generally adoptable. K.W. had a significant language delay for which he was receiving services and presented as hyperactive and aggressive. J.W. had a history of being the victim of sexual activity/behavior and acted provocatively, especially in her interactions with D.W. D.W. acted out sexually toward J.W. Only minimal progress on these issues had been made in therapy to date. Accordingly, the minors needed to be separated in their placement, with D.W. residing in a different home than his siblings. The placement change took place on January 7, 2011.

Appellant was briefly released from custody in January 2011 and requested a visit. The minors' therapists requested that visits be deferred until the most pressing mental health issues could be processed. The juvenile court ordered continued letter contact only between appellant and the minors, stating that visitation would begin only when recommended by the therapists.

On April 21, 2011, the juvenile court held a hearing to reconsider whether appellant would be provided visitation. By then, father had been reincarcerated. K.W. and J.W. had recently been moved to a new foster home and J.W. and D.W. were still dealing with major mental health issues in therapy. The juvenile court ordered there would be no change to the current orders.

On May 24, 2011, appellant was released from custody and, again, requested visitation. He reported he was employed as a painter and provided proof of attendance of several classes he took while incarcerated, including anger management/domestic violence, self-help, and substance abuse. Although the Department initially

recommended he be permitted visitation, the Department withdrew its request as premature in July 2011, based on appellant's extensive criminal history and the minors' fragile mental states.

On August 11, 2011, appellant filed section 388 petitions requesting reunification services and a general visitation order. In support of his petitions, he stated, "The children have not yet been placed in adoptive homes. The father's position is that having a goal of return home to his care is the best permanent plan for the children. Similarly, it is in the best interest of the children to see and have a relationship with their father. [Appellant] has grown through his services and would be a good influence in their lives. He is currently employed and is stable. The Social Worker has found the father to be alert and respectful. The children have regularly corresponded with the father and ask about him." He attached the copies of his proof of services he attended in 2008 and 2009 while incarcerated. The juvenile court denied the petitions because they did not state new evidence or a change of circumstances and did not promote the minors' best interests.

At a January 5, 2012 postpermanency review hearing, the juvenile court again ordered no contact between appellant and minors J.W. and D.W. On May 21, 2012, mother filed section 388 petitions for modification to reopen reunification services and a hearing was scheduled for June 21, 2012.

On August 3, 2012, appellant filed new section 388 petitions for modification requesting reunification services and visitation, and requesting a hearing on the petitions be set for August 9, 2012. Regarding changed circumstances, appellant stated, "At the time no reunification services were ordered, the father was incarcerated. While incarcerated, he participated successfully in many services. See attached verification. Since he has been released, he has worked consistently and led a stable lifestyle. Currently, he is employed full-time with Cal Trans. [¶] The Department's position in the past was that the children were too unstable to resume visitation with the father. The

4

children are now stable. When [J.W.] and [D.W.] saw their father at Court on June 28th of this year, they ran to him, hugged him, had big smiles, and called him Daddy." Appellant attached the copies of his proof of services he attended in 2008 and 2009 while incarcerated. With respect to best interests of the minors, appellant stated, "[J.W.] is 8 and [D.W.] is 11. They clearly know and love their father, despite the years of his incarceration. The father is also willing and able to parent [K.W.] despite not being his biological father. He has consistently been in contact with the children and the Department, demonstrating his commitment to his family. The mother has filed a petition to re-open services, and it is in the children's best interest to have a chance to reunify with their parents. The children are currently placed in two different homes. The father is stable and able to provide care for all the children."

The juvenile court denied the petitions on August 3, 2012, without scheduling a hearing. In denying the petitions, the juvenile court stated that the petitions did not state new evidence or a change of circumstances, and the proposed change in order did not promote the best interests of the minors. The juvenile court further noted that appellant's previous section 388 petitions were denied for similar reasons and no new evidence was submitted that was not submitted in connection with those previous petitions.

## DISCUSSION[3]

### I. Denial of a Hearing on Section 388 Petitions

Appellant contends the juvenile court erred in denying him a hearing on his petitions for modification.

---

[3] Appellant has filed a request for judicial notice of portions of the reporter's transcripts of a hearing that took place *after* the juvenile court's order of which appellant has taken this appeal. The request is denied for failure to establish relevance to the resolution of this appeal.

Section 388 allows a person having an interest in a dependent child of the court to petition the court for a hearing to change, modify, or set aside any previous order on the grounds of change of circumstance or new evidence. The petition must be verified and "shall set forth in concise language any change of circumstance or new evidence that is alleged to require the change of order or termination of jurisdiction." (§ 388, subd. (a)(1).)

In considering a petition for modification, the juvenile court's first task is to determine whether there is a right to an evidentiary hearing or whether the petition may be denied without a hearing. (*In re Jeremy W.* (1992) 3 Cal.App.4th 1407, 1413-1414; Cal. Rules of Court, rule 5.570.) To establish the right to an evidentiary hearing, the petition must include facts that make a prima facie showing of a change in circumstances and must also include the fact that "the best interests of the child may be promoted by the proposed change of order." (*In re Daijah T.* (2000) 83 Cal.App.4th 666, 672; /*In re Zachary G.* (1999) 77 Cal.App.4th 799, 806.) Accordingly, in determining a section 388 petition, the juvenile court initially considers only the pleading.

We decline appellant's request to revisit the standard of review. The juvenile court has discretion whether to provide a hearing on a petition for modification alleging changed circumstances. (*In re Aljamie D.* (2000) 84 Cal.App.4th 424, 431; *In re Jeremy W.*, *supra*, 3 Cal.App.4th at p. 1413; *In re Heather P.* (1989) 209 Cal.App.3d 886, 891.) However, "there are safeguards to prevent arbitrariness in precluding such hearings." (*In re Jeremy W.*, *supra*, 3 Cal.App.4th at p. 1413.) A petition is liberally construed in favor of its sufficiency and a hearing may be denied only if the application fails to reveal a change of circumstance or new evidence which might require a change of order to promote the best interests of the child. (*Id*. at pp. 1413-1414.) In this context, we review the juvenile court's summary denial of a section 388 petition for abuse of discretion. (*Jeremy W.,* at p. 1413; *In re Josiah S.* (2002) 102 Cal.App.4th 403, 419

6

[hence, if two inferences may deduced from the facts, we do not substitute our decision for that of the juvenile court's]; *In re Angel B.* (2002) 97 Cal.App.4th 454, 460.)

Here, we find no abuse of discretion in the juvenile court's decision to deny the petitions without a hearing because appellant's petitions failed to make the necessary showing. A petition may not be conclusory. "[S]pecific allegations describing the evidence constituting the proffered changed circumstances or new evidence" are required. (*In re Edward H.* (1996) 43 Cal.App.4th 584, 593.) Declarations or attachments, or at the very least, descriptions of the *evidence* that will support the petitioner's assertions are required. (See *In re Anthony W.* (2001) 87 Cal.App.4th 246, 250-251.)

Appellant's petitions contained mere conclusory allegations. There was no description of any new evidence that would support his bare contentions. The only evidence he proffered was his verification that he was no longer incarcerated and had participated in services while incarcerated. As found by the juvenile court, this evidence was not new and, in fact, had been proffered in connection with his previous petitions for modification and, before that, attached to the Department's July 2011 status report. He also stated he was employed but, again, he had been employed as of the time of his previous petitions for modification. His claim that he has "led a stable lifestyle" is unsupported by a proffer of evidence beyond his statement that he was employed. He also made the bare assertion that "the children are now stable" but fails to provide any description, declaration, or other proffer of evidence to support such an assertion. Finally, he stated that two of the minors had seen him in court, ran to him and hugged him and called him "Daddy." Evidence of this alone did not warrant providing appellant an evidentiary hearing.

Regarding the minors' best interests, appellant simply stated he was now willing and able to parent the minors (again, without any description or proffer of evidence).

7

Appellant then presumptively implied the minors' best interests were to be together in his home without addressing the fact that the minors were in separate homes because of *their* particular needs.

In sum, appellant did not make a prima facie showing of a change of circumstance or new evidence, or that the best interests of the minors would be served by the proposed petitions for modification, to warrant holding an evidentiary hearing. We find no abuse of discretion.

## II. Visitation

Appellant next argues that "father has a fundamental right to visits with his children, and contact with them can only be limited if it is detrimental." In this section of his brief, he discusses "due process" and "fundamental rights" but fails to identify the specific juvenile court finding or order to which he is assigning error. To the extent that appellant is arguing that the "best interests of the minor" standard he must meet for successful petitions for modification is consequently improper, we note that, by the time of the instant petitions for modification, reunification was no longer the goal and the focus was on permanency for the minors. (*In re Taya C.* (1991) 2 Cal.App.4th 1, 7.) His argument does not address this shift in focus.

In any event, the order denying appellant visitation was entered in 2009 and was based upon the juvenile court's finding that visitation would jeopardize the minors' safety. Appellant did not appeal. Appellant was, again, denied visitation in January 2010, January 2011, April 2011, and January 2012, and again, appellant did not appeal. And while appellant now complains that the juvenile court improperly delegated the decision of whether to permit him visitation to the minors' therapists, any such argument is not cognizable in this appeal.

Appellant filed his petitions for modification of the existing no visitation order pursuant to section 388 and it is the denial of those petitions that is the subject of this

8

appeal.  Section 388 expressly requires a "best interest of the child" showing for granting the petitions.  There is no error.

### III.  Opportunity to Participate in Postpermanency Review Hearing

Appellant next argues that section 366.3 provided a separate basis for hearing his reunification request.  Section 366.3, subdivision (f) entitles appellant to participate in postpermanency review hearings.  (See *In re Kelly D.* (2000) 82 Cal.App.4th 433, 435.) There is no evidence in the record that appellant was denied notice or an opportunity to participate in a 366.3 hearing.  Accordingly, his rights thereunder are irrelevant to this appeal.

### IV.  Unfit Parent Finding

Finally, citing *Cynthia D. v. Superior Court* (1993) 5 Cal.4th 242, 254, appellant argues that the juvenile court cannot terminate his parental rights without a finding that he is an unfit parent.  Appellant appealed from orders denying his petitions for modification, not from an order terminating his parental rights and, at least as of the time this appeal was filed (August 2012), the juvenile court had not terminated his parental rights.  Accordingly, any such concern is premature.

### DISPOSITION

The juvenile court's orders are affirmed.


                                                        BUTZ            , J.


We concur:


        RAYE            , P. J.


        HULL            , J.

9