Filed 12/24/14  In re J.R. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| In re J. R. et al., Persons Coming Under the Juvenile Court Law. | C076659 |
| LASSEN COUNTY DEPARTMENT OF HEALTH AND SOCIAL SERVICES, | (Super. Ct. Nos. J4848 & J5706) |
| Plaintiff and Respondent, | |
| v. | |
| J. R., | |
| Defendant and Appellant. | |

J.R., father of the minors, appeals from orders terminating his parental rights. (Welf. & Inst. Code, §§ 366.26, 395 [further undesignated statutory references are to the Welfare and Institutions Code].)  Father argues notice of the termination hearing was

1

defective and the juvenile court erred in failing to grant his request for a continuance of the hearing. We will affirm the juvenile court orders terminating father's parental rights.

BACKGROUND

The minors, J.R., age nine, and C.R., age seven, were detained in November 2013 based on allegations of neglect, substance abuse, domestic violence and sexual abuse of the half-siblings and an unrelated child who lived in the home. At disposition, the juvenile court bypassed services based on the parents' ongoing substance abuse, failure to reunify with the half-siblings in a prior case and termination of parental rights as to the half-siblings. The juvenile court set a section 366.26 hearing to select a permanent plan for the minors.

The social worker's report for the section 366.26 hearing, filed and served on April 25, 2014, recommended termination of parental rights and a permanent plan of adoption. The report stated that the assessment of the California Department of Social Services (CDSS) was not complete and that CDSS wanted a continuance.

On May 1, 2014, mother filed a petition for modification (§ 388) seeking an order for reunification services.

At the section 366.26 hearing on May 5, 2014, mother was not present. Both mother's counsel and CDSS requested a continuance which the juvenile court granted.

Pending the continued hearing, the social worker filed an addendum to the prior report. The addendum stated mother had not visited the minors since the last hearing. Father had been released from custody in Lassen County and transported to Mineral County, Nevada, for criminal matters pending there. The completed CDSS assessment was attached to the addendum and agreed with the social worker's earlier recommendation of termination of parental rights with a permanent plan of adoption for the minors. The addendum and CDSS assessment were served by mail on the parties on May 28, 2014. Father was in custody in Nevada at the time.

2

The combined hearings on the petition for modification and the section 366.26 issues commenced June 2, 2014. All counsel had copies of the two reports. Mother was not present and father remained in custody in Nevada. After argument, the juvenile court denied mother's petition for modification. Father's counsel requested a continuance based on father's ongoing incarceration. Counsel had no idea when father would be released and was not asking for a contested hearing, father just wanted to be present at the hearing. The juvenile court denied the request for continuance. Father's counsel entered a general objection to the recommendation to terminate parental rights. The juvenile court found the minors were likely to be adopted, terminated parental rights and selected a permanent plan of adoption for the minors.

DISCUSSION

I

Father contends notice was defective because the section 366.26 assessment required by section 361.5 was untimely and did not contain revised proposed recommendations.

When services are bypassed and the juvenile court orders "that a hearing shall be held pursuant to Section 366.26 . . . it shall direct the . . . county adoption agency, or the State Department of Social Services when it is acting as an adoption agency, to prepare an assessment" of the child's relationships and likelihood of adoption to assist the juvenile court in selecting a permanent plan for the child. (§§ 361.5, subd. (g); 366.26, subd. (a), (b).) "At least 10 calendar days before the hearing, the petitioner must file the assessment, provide copies to each parent or guardian and all counsel of record . . . ." (Cal. Rules of Court, rule 5.725(c).)

In this case, CDSS was acting as the adoption agency in the case. Thus, while the social worker's report was filed and served more than 10 days prior to the section 366.26 hearing, the CDSS assessment and recommendation was not. However, father's counsel did not raise the issue in the trial court and did not ask for a continuance on the basis of

3

the late report.  Any deficiencies in serving the assessment and providing statutory notice to father have been forfeited for failure to raise them in the juvenile court.  (*In re Joseph E.* (1981) 124 Cal.App.3d 653, 657; *In re Aaron B.* (1996) 46 Cal.App.4th 843, 846; *In re Dakota S*. (2000) 85 Cal.App.4th 494, 501-502.)

## II

Father contends the juvenile court abused its discretion in denying his request for a continuance.

The juvenile court has discretion to continue the section 366.26 hearing. (*In re Michael R*. (1992) 5 Cal.App.4th 687, 694.)  However, the exercise of the juvenile court's discretion is guided and limited by section 352 which provides:  "Upon request of counsel for the parent, guardian, minor, or petitioner, the court may continue any hearing under this chapter beyond the time limit within which the hearing is otherwise required to be held, provided that no continuance shall be granted that is contrary to the interest of the minor.  In considering the minor's interests, the court shall give substantial weight to a minor's need for prompt resolution of his or her custody status, the need to provide children with stable environments, and the damage to a minor of prolonged temporary placements.  [¶]  Continuances shall be granted only upon a showing of good cause and only for that period of time shown to be necessary by the evidence presented at the hearing on the motion for the continuance."  (§ 352, subd. (a).)

Here, father asked for a continuance of undetermined length so that he could be present.  He had no evidence to present and did not seek a contested hearing to attack the CDSS assessment.  Counsel had no information as to when father might be released from Nevada custody.  The juvenile court considered both the minors' need for a stable permanent home and father's desire to be present for the hearing at some unknown future

4

date.  Father failed to demonstrate good cause for a continuance and no abuse of discretion appears.

DISPOSITION

The juvenile court orders terminating father's parental rights are affirmed.

                                    _____MAURO_____, J.

We concur:

_____HULL_____, Acting P. J.

_____ROBIE_____, J.

5