[No. A058473. First Dist., Div. Two. Oct. 19, 1993.]

In re BRANDON C. et al., Persons Coming Under the Juvenile Court Law.
SONOMA COUNTY SOCIAL SERVICES DEPARTMENT, Plaintiff and Respondent, v.
JERRY C., Defendant and Appellant.

[No. A061680. First Dist., Div. Two. Oct. 19, 1993.]

In re BRANDON C. et al., Minors, on Habeas Corpus.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1 Parts I, III, Subsection D.2 and IV are certified for partial publication.

COUNSEL

Dana L. Curtis, under appointment by the Court of Appeal, and Mat Swerling for Defendant and Appellant.

James P. Batz, County Counsel, and Tara Harvey, Deputy County Counsel, for Plaintiff and Respondent.

Teresa Roan de la O for Minors.

OPINION

PHELAN, J.—

## I. INTRODUCTION

In No. A058473, appellant Jerry C. seeks review of the jurisdictional and dispositional orders by which his children, Brandon and Summer, were declared dependents of the juvenile court and removed from his care and custody pending successful completion of a reunification plan. Appellant contends that he was deprived of due process when the trial court allowed the Sonoma County Department of Social Services (the department) to add an allegation of anal sexual abuse of both children to its petitions, which already described other specific instances of sexual abuse. Appellant also argues that the evidence of sexual abuse—which included an eyewitness account by his sister, Canada C., of an instance of molestation of Summer— was not sufficient to support the juvenile court's jurisdictional and dispositional orders. Appellant further contends that the juvenile court's visitation order unlawfully delegated the court's authority to set the frequency and length of visits between appellant and his children. In the unpublished portion of our opinion, we reject appellant's due process claim and conclude that there was substantial evidence of sexual abuse of both children. Accordingly, we affirm the trial court's jurisdictional and dispositional orders. However, we remand for clarification of the visitation order.

On May 12, 1993, after briefing of his appeal was completed, appellant filed a petition for writ of habeas corpus, No. A061680, claiming that Canada recanted her testimony on November 13, 1992. Appellant also argues that he was deprived of effective assistance of counsel in the proceedings below. In the unpublished portion of our opinion, we conclude that appellant has not established a prima facie claim of ineffective assistance of counsel. In the published portion of our opinion, we conclude that a motion in the juvenile court pursuant to section 388 of the Welfare and Institutions

Code[1] is the appropriate vehicle for resolving the issues raised by Canada's alleged recantation and, on that basis, deny appellant's petition for writ relief.

## II. FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III. DISCUSSION

A.-C*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

D. *An Extraordinary Writ is Not Available Because Appellant Has an Adequate Alternative Remedy.*

■ We turn now to the issue whether a writ of habeas corpus, or some other extraordinary writ, is an appropriate form of relief for appellant's claims that: (1) he was denied effective assistance of counsel in the jurisdictional and dispositional phases of this case; and (2) the primary witness against him in those hearings has recanted her testimony.

1. *Appellant Has Not Established a Prima Facie Case of Ineffective Assistance of Counsel.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

2. *Any "New Evidence" of Recantation Must Be Presented by Means of a Section 388 Motion to Modify or Set Aside the Jurisdictional and Dispositional Orders.*

As to appellant's assertion that Canada has recanted her testimony, we agree with the department that an extraordinary writ is not available as redress for this claim because appellant had another plain, speedy, and adequate remedy by means of a motion pursuant to section 388. (See Code Civ. Proc., § 1086; cf. *McPherson* v. *City of Los Aneles* (1937) 8 Cal.2d 748, 751 [68 P.2d 707] [mandamus inappropriate to compel payment of interest on a condemnation award where statutory remedies, including a motion under Code Civ. Proc., § 1268.020, are available and adequate to fully protect the rights of the petitioner].)

---

[1]Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.
*See footnote, *ante*, page 1168.

Section 388 provides, in relevant part: "Any parent or other person having an interest in a child who is a dependent child of the juvenile court . . . may, upon grounds of change of circumstances or new evidence, petition the court . . . for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court." Appellant's petition plainly states a prima facie case for relief under section 388 and, if properly filed in the juvenile court, would warrant a hearing on the merits of a motion pursuant to that section. (*In re Jeremy W.* (1992) 3 Cal.App.4th 1407, 1414-1416 [5 Cal.Rptr.2d 148].) In his habeas corpus petition, appellant seeks to set aside or modify the jurisdictional and dispositional orders in this case. He has presented "new evidence" which, if admissible and credible, would seriously undermine the jurisdictional findings in this case. It is also possible that the "best interests" of appellant's children may be promoted by a modification of the jurisdictional, dispositional, and/or visitation orders in this case if there is insufficient proof of sexual abuse of one or both of the minors.

■ By so concluding, we do not mean to imply that recantation by a victim or witness in a sexual abuse case will always constitute "new evidence" for purposes of section 388, or that an evidentiary hearing will be warranted in every such case. Nor do we mean to imply that a mere showing of "recantation" will justify modifying or setting aside the juvenile court's jurisdictional and dispositional orders. Each petition must be verified, and must be examined by the juvenile court to determine whether the petitioner has presented "grounds of change of circumstance or new evidence." (§ 388.) "If the petition fails to state a change of circumstance or new evidence that might require a change of order or termination of jurisdiction, the court may deny the application ex parte." (Cal. Rules of Court, rule 1432(b).) If, on the other hand, the petition presents "a change of circumstance or new evidence," the juvenile court must determine whether the petitioner has made a prima facie showing that "the best interests of the child may be promoted by the proposed change of order." (§ 388; *In re Jeremy W.*, *supra*, 3 Cal.App.4th at p. 1416.)

■ In this case, appellant presented a verified petition for writ of habeas corpus, to which was attached an informal "transcript" of a taped conversation between him and his sister, Canada, which allegedly occurred four months after the dispositional hearing. In that conversation, appellant elicits an "admission" from Canada that her eyewitness account of the June 1991 incident of molestation of Summer was "untrue." Appellant's habeas corpus petition also contained his own and his girlfriend's declarations, in which they assert that they were both present and witnessed the conversation with Canada which is reflected in the tape "transcript." Appellant also

presented two handwritten documents, which Canada admits she signed, but denies she wrote, stating that she never saw appellant "touch his daughter in a sexual manner."

Serious and difficult questions of fact[13] about both the voluntariness and the substance of this purported "recantation" are raised by the department in its informal opposition to appellant's habeas petition: The department presented declarations and documentary evidence indicating that Canada reported being threatened by appellant before and after the November 13 conversation, and that she suffered a drug overdose on the night of the alleged conversation with appellant and his girlfriend. However, it is impossible to tell from the parties' papers how, if at all, the drug overdose relates to the purported recantation. Obviously, the juvenile court judge who has had personal experience with the recanting witness and the parties is in the best position to evaluate this "new evidence" relating to the alleged recantation, and to dispose of the matter most expeditiously.[14]

To resolve the significant factual disputes raised by appellant's habeas corpus petition, an evidentiary proceeding may have been required in this court. A hearing in the juvenile court would likewise have been warranted if appellant had promptly filed a modification petition under section 388. If Canada's recantation of her testimony about the June 1991 incident were found to be genuine, a crucial piece of evidence would drop out of the department's case in the jurisdictional hearing. Although there was other testimonial and physical evidence indicating that Summer had been sexually molested by her father, the juvenile court obviously gave great weight to Canada's eyewitness account. Moreover, even with Canada's testimony, the juvenile court considered the case to be very close. We cannot say with confidence that the court would have confirmed its jurisdictional findings under section 300, subdivision (d), if Canada's testimony were thus undermined. The juvenile court may also have found it necessary to revisit the jurisdictional findings as to Brandon because the court relied, in part, on the showing of molestation of Summer to sustain the sibling petition under section 300, subdivision (j). In these circumstances, we hold that appellant was required to file a modification petition under section 388 rather than a petition for habeas corpus relief.

Appellant has not provided this court with any compelling reason why he did not attempt to bring his "new evidence" of Canada's alleged recantation

---

[13]Of course, there are also serious questions as to whether appellant could prove, by *admissible* evidence, that his sister's recantation was genuine. We leave it to the parties to raise and the juvenile court to resolve the evidentiary issues raised by appellant's petition.

[14]Even more obviously, it would have been far better to present all of this new evidence to the juvenile court in November 1992 when it was fresh, rather than in this court in May 1993 when the parties were almost one year into the reunification plan.

to the juvenile court in a section 388 motion, instead of filing a petition for extraordinary writ relief.[15] In our view, such a motion would be, by far, a superior procedural vehicle for resolving the significant factual dispute and credibility issues raised by this claim. Accordingly, we will remand to afford appellant an opportunity to file a modification petition pursuant to section 388.

## IV. CONCLUSION

For all the foregoing reasons, the jurisdictional and dispositional orders of the juvenile court are affirmed. We remand for clarification of the visitation order. The petition for writ of habeas corpus is denied without prejudice to appellant's right to present any "new evidence" in a properly noticed motion pursuant to section 388.

Kline, P. J., and Smith, J., concurred.

A petition for a rehearing was denied November 18, 1993.

---

[15]Appellant merely asserts in a footnote, without any supporting evidence, that his current trial counsel did not file a section 388 motion despite his and his appellate counsel's request for such a motion. We hope that appellant's failure to pursue this issue with the juvenile court is not an attempt to set up a further claim of ineffective assistance by his current trial counsel. We would not look kindly on such an "invited error" in a subsequent appeal or writ proceeding.

Appellant has also failed to satisfactorily explain his substantial delay in filing the petition. Appellant was in possession of information about Canada's alleged recantation in November 1992. By January 1993, when he filed the opening brief in his appeal, he had already developed a plan to petition for writ relief on the basis of this new evidence. There does not appear to be any legitimate reason for waiting more than five months after discovering this new information, and more than ten months after the dispositional order was entered, before filing his petition on May 12, 1993. We believe that this unreasonable, unjustified delay is a sufficient basis for denying the extraordinary relief appellant seeks. (See *Nelson* v. *Superior Court* (1986) 184 Cal.App.3d 444, 450 [229 Cal.Rptr. 94].)