[No. B132583. Second Dist., Div. Five. Apr. 18, 2000.]

In re JESSICA K., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Plaintiff and Respondent, v.
DESHALL C., Defendant and Appellant.

**COUNSEL**

Lori A. Fields, under appointment by the Court of Appeal, for Defendant and Appellant.

Lloyd W. Pellman, County Counsel, and Angela Williams, Associate County Counsel, for Plaintiff and Respondent.

## OPINION

GRIGNON, J.—A mother appeals from an order of the dependency court summarily denying her petition under section 388 of the Welfare and Institutions Code.[1] However, subsequent to the order appealed from, the dependency court terminated the mother's parental rights; the mother did not appeal from the termination order and that order is now final. Thus, there is no effective relief which may be afforded the mother on her appeal from the section 388 order. Accordingly, the mother's appeal is moot and must be dismissed.

### FACTS AND PROCEDURAL BACKGROUND

Jessica K. (born October 1995) is the daughter of Deshall C. (mother). On September 24, 1996, Jessica was detained by the Los Angeles County Department of Children and Family Services on account of mother's drug abuse and neglect. On October 25, 1996, Jessica was adjudicated a dependent of the court and placed in a foster home. Mother failed to reunify with Jessica, and reunification services were terminated on October 24, 1997. A selection and implementation hearing was scheduled for April 10, 1998, but continued several times at the request of the Department to complete adoption planning.

On March 31, 1999, mother filed a petition under section 388, requesting the return of Jessica to her custody on the ground she had obtained sobriety and was participating in a residential drug treatment program. On April 9, 1999, the dependency court summarily denied the section 388 petition. On June 3, 1999, the dependency court terminated parental rights and ordered Jessica placed for adoption. On that same date, mother appealed from the order summarily denying her section 388 petition. Mother did not appeal from the order terminating her parental rights and that order became final.

### DISCUSSION

■ On appeal, mother seeks a reversal of the summary denial of her section 388 petition and remand to the dependency court for a full evidentiary hearing. However, mother's parental rights have been terminated and the order terminating parental rights is final. Because mother's parental rights cannot be restored even were we to agree with mother that the summary denial was an abuse of discretion, a hearing on mother's petition would be futile.

■ When no effective relief can be granted, an appeal is moot and will be dismissed. (*Eye Dog Foundation v. State Board of Guide Dogs for the*

---

[1] All further statutory references are to the Welfare and Institutions Code.

*Blind* (1967) 67 Cal.2d 536, 541 [63 Cal.Rptr. 21, 432 P.2d 717].) " ' "[T]he duty of this court . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' [Citation.] . . . '[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the [respondent], an event occurs which renders it impossible for this court, if it should decide the case in favor of [appellant], to grant him [or her] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. [Citations.]' " (*Ibid.*)

■ Section 388 provides that a parent "may, upon grounds of change of circumstance or new evidence, petition the court . . . for a hearing to change, modify, or set aside any order of court previously made . . . . [¶] If ·it appears that the best interests of the child may be promoted by the proposed change of order . . . , the court shall order that a hearing be held . . . ." Section 388 "provides the 'escape mechanism' that . . . allow[s] the [dependency] court to consider new information" after efforts to reunify the parents with the child have been terminated and the focus has shifted to the child's need for a permanent, stable home with a nonparent. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309 [19 Cal.Rptr.2d 544, 851 P.2d 826].) The dependency court must order a hearing if a section 388 petition makes a prima facie showing of changed circumstances and that a hearing would promote the best interests of the child. (*In re Zachary G.* (1999) 77 Cal.App.4th 799, 805-807 [92 Cal.Rptr.2d 20]; *In re Hashem H.* (1996) 45 Cal.App.4th 1791, 1798-1799 [53 Cal.Rptr.2d 294].)

■ An order of the dependency court terminating parental rights may be modified only by a timely direct appeal from the order. (*In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1161 [65 Cal.Rptr.2d 913].) It is not subject to collateral attack, such as by petition for writ of habeas corpus. (*Ibid.*) "Any order of the court permanently terminating parental rights under [section 366.26] shall be conclusive and binding upon the child, upon the parent or parents and upon all other persons who have been served with citation by publication or otherwise as provided in this chapter. After making the order, the court shall have no power to set aside, change, or modify it, but nothing in this section shall be construed to limit the right to appeal the order." (§ 366.26, subd. (i).)

■ In this case, mother appealed from the order summarily denying her section 388 petition, but did not appeal from the order terminating parental rights, allowing the termination order to become final. The failure to file a timely notice of appeal from the termination of parental rights order deprives

us of appellate jurisdiction to modify that order. Accordingly, the parental rights termination order may not be vacated. No effective relief may be afforded mother even were we to find her appeal of the denial of the section 388 petition meritorious. Thus, the appeal is moot.

We note that mother was not without an appellate remedy. Mother might have appealed from the order terminating her parental rights on its own merits. Frequently, the issues raised on an appeal from an order terminating parental rights overlap with those raised on an appeal from an order denying a section 388 petition. Alternatively, mother might have appealed from the order terminating her parental rights simply to preserve her right to appeal the denial of her section 388 petition. In this case, since the notice of appeal of the order denying the section 388 petition was filed on the same day as the order terminating her parental rights, an appeal from both orders on the ground the dependency court abused its discretion by summarily denying the petition would have been particularly efficacious. Mother also might have filed, prior to the date scheduled for the parental rights termination hearing, a petition for an extraordinary writ as to the summary denial, asserting that appeal was not an adequate remedy.

### DISPOSITION

The appeal is dismissed as moot.

Turner, P. J., and Armstrong, J., concurred.