Filed 5/20/13  In re Jorge M. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re JORGE M., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D063285 |
| Plaintiff and Respondent, | (Super. Ct. No. EJ3478) |
| v. | |
| SONIA P., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Gary M. Bubis, Judge.  Affirmed.

Cristina Gabrielidis, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel and Patrice Plattner-Grainger, Deputy County Counsel, for Plaintiff and Respondent.

Sonia P. appeals orders summarily denying her petition for modification under Welfare and Institutions Code section 388[1] and terminating parental rights to her son, Jorge M., under section 366.26. Sonia contends the court abused its discretion when it summarily denied her petition to set aside the orders terminating reunification services and setting a section 366.26 hearing. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2011, the San Diego County Health and Human Services Agency (Agency) detained Jorge, a newborn infant, in protective custody after he tested positive for methamphetamine at birth. Sonia had a 20-year history of substance abuse. She was on parole for drug offenses and other charges. Sonia's two other children were in the care of their maternal grandmother.

The court adjudicated Jorge a dependent under section 300, subdivision (b), placed him in foster care and ordered Sonia to comply with her reunification case plan.

In December, Sonia left an inpatient substance abuse treatment facility. She was arrested for possession of a controlled substance and incarcerated until late January 2012. After her release, a social worker referred Sonia to another substance abuse treatment

---

[1]     All further statutory references are to the Welfare and Institutions Code.

program, but she did not appear for intake. Sonia did not remain in contact with the social worker.

Sonia visited Jorge from six to eight times from late January to mid-March.

In May, Sonia's parole agent informed the social worker that Sonia had not reported to parole and her whereabouts were unknown. A warrant was issued for her arrest.

Sonia turned herself into authorities in late July. She remained in jail until November 1, when she entered KIVA, an inpatient substance abuse treatment facility.

At the six-month review hearing in August, the court found that Sonia failed to participate regularly and make substantive progress in a court-ordered treatment plan. The court terminated services and set a section 366.26 hearing.

The section 366.26 hearing was held on January 2, 2013. On that date, Sonia filed a section 388 petition (petition) asking the court to place Jorge with her at KIVA or alternatively, place Jorge with paternal relatives.[2] The court found that Sonia did not state a prima facie case and denied the petition.

The court admitted the Agency's section 366.26 reports in evidence. The social worker reported that Jorge was considered highly adoptable. He had a strong attachment to his foster parents, who had been his primary caregivers since he was two weeks old. They were committed to adopting him if parental rights were terminated. The social

---

[2]     The identity of Jorge's biological father was confirmed by paternity testing on December 11, 2012.

worker also identified 104 approved adoptive families that were interested in adopting a child like Jorge.

Sonia had four supervised one-hour visits with Jorge from September 18 to November 7. Jorge did not recognize his mother and appeared fearful when she first held him. Sonia was appropriate and positive toward him and demonstrated the ability to interact and care for a young child. The social worker said Jorge had a minimal relationship with Sonia. Jorge had never met his biological father, who did not come forward until late in the case.

Sonia testified she had weekly visits with Jorge since arriving at KIVA on November 1. Jorge did not recognize her at first, but he was getting used to her.

The juvenile court found that Jorge was adoptable and there were no exceptions to termination of parental rights. The court terminated parental rights. \

## DISCUSSION

### I

*The Juvenile Court Did Not Abuse Its Discretion When It Summarily Denied Sonia's Section 388 Petition*

Sonia contends the court erred when it did not hold an evidentiary hearing on the section 388 petition. She argues her petition stated a prima facie case that her circumstances were changed and a modification of the prior orders was in Jorge's best interests.

Under section 388, a parent, interested person or the dependent child may petition the court to change, modify or set aside a previous order on the grounds of changed

4

circumstances or new evidence. (§ 388, subd. (a).) The petitioner requesting the modification has the burden to show a change of circumstances or new evidence, and that the proposed modification is in the child's best interests. (*In re Jasmon O*. (1994) 8 Cal.4th 398, 415; Cal. Rules of Court, rule 5.570(e).)

"The parent need only make a prima facie showing to trigger the right to proceed by way of a full hearing." (*In re Marilyn H.* (1993) 5 Cal.4th 295, 310; *In re Hashem H.* (1996) 45 Cal.App.4th 1791, 1798-1799; Cal. Rules of Court, rule 5.570(a).) "The prima facie requirement is not met unless the facts alleged, if supported by evidence given credit at the hearing, would sustain a favorable decision on the petition." (*In re Zachary G.* (1999) 77 Cal.App.4th 799, 806 (*Zachary G.*).) The court must liberally construe the petition in favor of its sufficiency. (*In re Marilyn H.*, at p. 309.)

We review a denial of a hearing on a modification petition for abuse of discretion. (*Zachary G., supra,* 77 Cal.App.4th at p. 808.)

When determining whether the petition makes the necessary showing, the court may consider the entire factual and procedural history of the case. (*In re Justice P.* (2004) 123 Cal.App.4th 181, 188-189.) Here, the court reasonably determined that Sonia had not successfully resolved or ameliorated her problems to the degree necessary to provide a safe and stable home for her son. Sonia had a 20-year substance abuse problem and had only recently engaged in a treatment program. During the reunification period, Sonia was a fugitive and did not visit her son for more than six months. The record also permits the reasonable conclusion that removing Jorge from the home in which he had lived since he was two weeks old was not in his best interests. He was strongly bonded

5

to his foster parents, who were willing and able to provide a safe, stable, permanent home to him.

Section 388 petitions filed on the same day as the permanency plan selection and implementation hearing are disfavored, and the court could have denied the petition on timeliness grounds alone. (See *In re Edward H*. (1996) 43 Cal.App.4th 584, 594.) The court did not abuse its discretion when it denied Sonia's section 388 petition without an evidentiary hearing.

### DISPOSITION

The findings and orders denying a hearing on the section 388 petition and terminating parental rights are affirmed.

BENKE, Acting P. J.

WE CONCUR:

HALLER, J.

AARON, J.