Filed 12/12/13  In re E.F. CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re E.F. et al., Persons Coming Under the Juvenile Court Law. | H039409<br>(Santa Cruz County<br>Super. Ct. Nos. DP002409, DP002410, DP002411 & DP002412) |
| SANTA CRUZ HUMAN SERVICES DEPARTMENT,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>M.B. et al.,<br><br>    Defendants and Appellants. | |

Mother and Father appeal orders of the juvenile court.  Mother asserts the court erred in finding the sibling exception to adoption pursuant to Welfare and Institutions Code, section 366.26, subdivision (c)(1)(B)(v)[1] inapplicable in this case.  In addition, Mother asserts the court erred in denying the section 388 petition of the maternal Grandmother as to three of the four children.

Father asserts the court erred in summarily denying his section 388 petition as to his son.

### STATEMENT OF THE FACTS AND CASE

[1]  All further statutory references are to the Welfare and Institutions Code.

The dependency case that underlies this appeal arose from ongoing domestic violence between Mother and Father. The case involves four children: E.F., aged 16, K.G., aged 11, and N.G., aged 10, and A.M., aged five. Mother is the mother of all four children. Father is the father of A.M.; the fathers of the older children were not part of the dependency case.

In February 2011, the Santa Cruz County Human Resources Agency (Department) filed a petition under section 300, subdivisions (a), (b), and (c) alleging that all four children suffered, or there was a substantial likelihood that they would suffer serious physical harm inflicted by Father. The petition also alleged Mother failed to adequately protect the children from Father's physical abuse and from ongoing domestic violence between her and Father that occurred in the children's presence. Finally, the petition alleged the children suffered from anxiety as a result of witnessing Father choking mother. As a result of the petition, the court ordered the children detained.

In May 2011, the court found the allegations in the petition true and ordered family reunification services for the family, and a psychological evaluation of Father.

At the six-month review hearing in November 2011, the Department recommended continued reunification services for both Mother and Father. In January 2012, the court held an interim review hearing. The Department recommended the children return to Mother's home and continue with family maintenance services.

In June 2012, the Department filed section 387 petitions for the minor alleging Mother placed the minors at significant risk of abuse or neglect by resuming her relationship with Father in February 2012. At the time, there was a domestic violence restraining order in effect. The petition alleged Mother allowed Father to supervise the boys, and she denied the Department access to the boys. In addition, Father allegedly hit A.M. during one of his visits to Mother's home. As a result of the petition, the court ordered the minors detained and placed in the same foster home where they were originally placed in 2011.

At a contested hearing in September 2012, the court found the allegations in the section 387 petitions true, and ordered reunification services terminated. The court set a section 366.26 hearing for January 2013.

In January 2013, before the section 366.26 hearing date, the maternal Grandmother filed a section 388 petition requesting that all four children be placed with her. The court granted the petition as to E.F., based in part on her age and the fact that she had run away from her foster placement. The court denied the petition as to the younger children.

In March 2013, Father filed a section 388 petition alleging that despite the fact the court had terminated reunification services, he continued to work on his case plan, attending domestic violence classes and individual counseling. The court denied the petition without a hearing on the ground that Father presented no new evidence to justify granting the section 388 petition.

At the March 11, 2013 section 366.26 hearing, the court ordered E.F. into a planned permanent living arrangement with Grandmother with the goal of guardianship. As to the remaining children K.G., N.G., and A.M, the court found all three of them adoptable, and that Mother and Father in the case of A.M. had not established the parent-child exception to adoption pursuant to section 366.26, subdivision (c)(1)(B)(i). The court also found the sibling exception to adoption pursuant to section 366.26, subdivision (c)(1)(B)(v) did not apply. The court terminated parental rights and ordered a permanent of adoption for the three children.

Mother filed a timely notice of appeal of the termination of parental rights as to K.G., N.G., and A.M, and Grandmother's section 388 petition. Father also filed a timely notice of appeal as to the termination of his parental rights and his section 388 petition.

**DISCUSSION**

3

On appeal, Mother asserts the court erred by failing to consider the sibling exception to adoption under section 366.26, subdivision (c)(1)(B)(v). In addition, Mother asserts the court erred by denying Grandmother's section 388 petition as to K.G., N.G., and A.M.

Father asserts the court erred in summarily denying his section 388 petition.

### *Mother's Appeal*

Mother asserts on appeal that the court erred in denying Grandmother's section 388 petition as to K.G., N.G., and A.M., and in failing to find the sibling relationship exception to adoption applied in this case.

### *Grandmother's Section 388 Petition*

On January 16, 2013, Grandmother brought a section 388 petition asking that all four children be placed with her. After a contested hearing, the court granted Grandmother's request as to E.F., but denied the request as to the remaining three children.

Initially, it must be noted that Mother has standing to assert claims regarding denial of Grandmother's petition. (See *In re K.C.* (2011) 52 Cal.4th 231, 238 ["A parent's appeal from a judgment terminating parental rights confers standing to appeal an order concerning the dependent child's placement only of the placement order's reversal advance's the parent's argument against terminating parental rights."]) Here, reversal of the placement order would advance Mother's argument against termination of parental rights. If all four children were placed with Grandmother, it could make termination of parental rights unnecessary. (*Id*. at p. 237.)

Section 388 permits any person having an interest in the child to petition for a hearing to change, modify, or set aside any order of court previously made on grounds of change of circumstance or new evidence. (*In re Lesly G.* (2008) 162 Cal.App.4th 904, 912.) Such a motion requires the petitioner to demonstrate by a preponderance of the evidence that new or changed circumstances warrant a change in

4

the prior order to promote the best interest of the child. (*In re S.J.* (2008) 167 Cal.App.4th 953, 959.) "We review . . . the denial of a petition for modification under section 388 for an abuse of discretion." (*In re B.D.* (2008) 159 Cal.App.4th 1218, 1228.)

The court ordered a hearing on the petition, and found that E.F.'s best interests would be served by the proposed change, and placed E.F. with Grandmother. The court noted that E.F.'s situation was different from that of her siblings, because she was older, and was running away from the foster placement. In contrast, the three younger children were doing well in the foster home, and were all living together. The court found that the three younger children should remain in the foster placement, stating: "I'm finding that it's in their best interest to support their psychological, educational, and emotional needs to stay where they are at. . . . I have read and . . . considered the good moral character of grandma. I've also considered the placement of the siblings together, and the nature and duration of the relationship with the children with grandma. As well as grandmother's ability to provide a safe, secure, and stable environment for the children and exercise proper and effective care and control of the children."

The critical question in considering a section 388 petition, particularly when it is filed close to the section 366.26 hearing, is "whether the best interests of the children might be promoted by the proposed change of order." (*In re Edward H.* (1996) 43 Cal.App.4th 584, 594.) In the present case, the court was within its discretion to grant Grandmother's section 388 petition only as to E.F. The court considered all of the circumstances surrounding the petition, including E.F.'s tenuous and unstable living situation, as well as the other children's stable and happy placement with the foster family. The court did not abuse its discretion regarding Grandmother's section 388 petition.

### *Sibling Exception to Adoption*

In addition to her argument that the court abused its discretion in denying Grandmother's section 388 petition, Mother also asserts the court erred in failing to find the sibling exception to adoption applicable in this case.

Whenever the court finds, as it did here, "that it is likely the child will be adopted, the court shall terminate parental rights and order the child placed for adoption." (§ 366.26, subd. (c)(1).) The circumstance that the court has terminated reunification services provides " 'a sufficient basis for termination of parental rights unless the court finds a compelling reason for determining that termination would be detrimental to the child due to one or more' of specified circumstances. (*Ibid.*) The Legislature has thus determined that, where possible, adoption is the first choice." (*In re Celine R.* (3003) 31 Cal.4th 45, 53 (*Celine R.*).)

The "specified circumstances" detrimental to the child (mentioned by the court in *Celine R., supra*, 31 Cal.4th at p. 53) that may serve as compelling reasons for the court's electing not to terminate parental rights consist of six circumstances provided in section 366.26, subdivision (c)(1)(B). These circumstances are "actually exceptions to the general rule that the court must choose adoption where possible." (*Celine R., supra*, at p. 53.) One such "exceptional circumstance[]" (*ibid.*) is where termination of parental rights would result in "substantial interference with a child's sibling relationship . . . ." (§ 366.26, subd. (c)(1)(B)(v).)

Under this sibling relationship statutory exception, "the court is directed first to determine whether terminating parental rights would substantially interfere with the sibling relationship by evaluating the nature and extent of the relationship, including whether the child and sibling were raised in the same house, shared significant common experiences or have existing close and strong bonds. [Citation.] If the court determines terminating parental rights would substantially interfere with the sibling relationship, the court is then directed to weigh the child's best interest in continuing that sibling relationship against the benefit the child would receive by the permanency of adoption.

6

[Citation.] [¶] To show a substantial interference with a sibling relationship the parent must show the existence of a significant sibling relationship, the severance of which would be detrimental to the child." (*In re L.Y.L.* (2002) 101 Cal.App.4th 942, 951-952 (*L.Y.L.*), fn. omitted.) The possible detriment to be considered is that of the child being considered for adoption, not any detriment to his or her siblings. (*Celine R.*, *supra*, 31 Cal.4th at p. 54.) Even if the "substantial interference" standard is met, the court must still balance the benefits of continuing the sibling relationship against the benefit to the child provided by adoption. (*L.Y.L.*, *supra*, at pp. 952-953.) It is a "rare" case in which the court will find that this exception to adoption applies. (*In re Valerie A.* (2007) 152 Cal.App.4th 987, 1014 (*Valerie A.*); see also *Celine R., supra*, at p. 53 [statute permits court, "in *exceptional circumstances*" to choose option other than the preferred one, adoption].) The party asserting the applicability of the sibling relationship exception bears the burden of proof (*In re Megan S.* (2002) 104 Cal.App.4th 247, 252), and a father or mother whose parental rights are being threatened with termination has standing to assert the exception (*L.Y.L.*, supra, at pp. 949-950).

Here, the court considered the relationship among the children, and in particular, the relationship the three younger children had with E.F. in ordering the permanent plan for the children. While the court found that there was a relationship between the younger children and E.F., it did not find it would be detrimental to the children to order the younger children adopted by their foster parents. The court stated: "[a]nd the younger children have continued to settle in with their prospective adoptive family and have continued to thrive in the care of the current caregivers. [¶] While the court is not saying there is no relationship there, there certainly is, of course, a relationship and shared experience between the siblings. But the court does have to look at weighing to move forward. And at this point I would not find that it would be detrimental to the children's relationship for the three younger children to move forward and benefit from the legal permanency that is available through adoption."

Here, the court properly considered the facts of the sibling relationship and weighed the benefits for the younger children of adoption with their foster family. In addition, although the court ordered the younger children to have visitation with E.F., it was clear that order was intended for the time up until legal adoption was finalized. The court stated that it was "in no way considering the discussion about whether or not the children in the caregiver's care have promises or not for continued contact. That is not appropriately considered by this court and not considered by this court." (RT 1097) The fact that the court ordered visitation does not mean that the court improperly considered visitation as a factor in determining whether the sibling relationship exception applies in this case. (See *In re C.B.* (2010) 190 Cal.App.4th 102, 128.)

We find the trial court did not abuse its discretion in finding the sibling exception to adoption inapplicable in this case.

### *Father's Appeal*

Father asserts the trial court abused its discretion in summarily denying his petition for modification under section 388 that requested the order terminating his parental rights be vacated and reunification services be ordered for him.

Father argues that the juvenile court must order a full hearing on a section 388 petition if the petition presents any evidence at all that such a hearing would promote the best interests of the child. (*In re Hashem H*. (1996) 45 Cal.App.4th 1791 (*Hashem H.*) He stresses that the petition need only make a prima facie or probable cause showing, not a probability of prevailing. (*In re Jeremy W*. (1992) 3 Cal.App.4th 1407, 1414 (*Jeremy W.*) Finally, California Rules of Court, rule 5.570 (a), provides that section 388 petitions are to be "liberally construed in favor of [their] sufficiency."

However, a parent filing such a petition on the eve of the permanency planning hearing, or as in this case after the section 366.26 had commenced but had been continued, must show "that [his] circumstances have changed sufficiently to justify a change in the court's orders." (*In re Baby Boy L.* (1994) 24 Cal.App.4th 596, 607-608,

8

italics added.)  Once the court has determined that a permanent plan is appropriate, a petition showing that the parent is beginning to rehabilitate or to change her lifestyle is not enough to require a hearing.  (*Id.* at p. 610.)

*Hashem H*., *supra*, 45 Cal.App.4th 1791 and *In re Jeremy W., supra*, 3 Cal.App.4th 140, are examples of a sufficient showing in a section 388 petition.  *Hashem H*., the primary feature of the mother's reunification plan was to participate in individual and conjoint counseling. In her section 388 petition, she alleged that she had participated in therapy for over a year and a half, to such a successful extent that her therapist had recommended the child be returned to her custody. In *Jeremy W*., the only unresolved element of the reunification plan was the lack of a stable living situation. The section 388 petition was accompanied by declarations showing the mother had stable housing.

Here, in contrast, the problems underlying the dependency in this case were a lengthy history of domestic violence in front of the children.  In addition, at the time of the section 388 petition, Mother and Father had rekindled their relationship, and despite a domestic violence restraining order being in place, Father was supervising the children. Although Father was participating in domestic violence courses and had made progress, this was not a new development in the case.  In addition, while Father continued to participate in individual counseling, he was not in a different position than he was at the time of the section 387 hearing.  The court reviewed the petition, and stated: "Having considered Father's [section] 388 and looking back on my notes of the contested hearing for the adjudication of the [section] 387 petition in September of 2012, I'm finding that there are not –that there's not new evidence, there's not change of circumstances which would warrant the Court setting and hearing the [section] 388 petition.  These are continued efforts that Father had testified about in September, and therefore the Court is not finding that a prima facie showing of new evidence or changed circumstances would warrant a hearing.  So the hearing is denied under [section] 388."

In this case, the court was within its discretion to deny a hearing of the section 388 petition on the ground that Father failed to allege change sufficient to justify negating the previous findings terminating reunification services.  In making the order, the court properly considered "whether the best interests of the children might be promoted by the proposed change of order," and determined that they would not.  (*In re Edward H., supra*, 43 Cal.App.4th 584, 594.)

### DISPOSITION

The orders appealed from are affirmed.


_____
                                    RUSHING, P.J.



WE CONCUR:




_____
           PREMO, J.




_____
           ELIA, J.