Filed 7/16/21  In re R.W. CA3
Opinion following rehearing

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| In re R.W. et al., Persons Coming Under the Juvenile Court Law. | C092455 |
| YOLO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | (Super. Ct. Nos. JVSQ18507, JVSQ18501, JVSQ19019) |
| Plaintiff and Respondent, | OPINION ON REHEARING |
| v. | |
| T.P., | |
| Defendant and Appellant. | |

Appellant T.P., mother of the minors (mother), appeals from the juvenile court's orders terminating parental rights and freeing the minors for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  She contends the juvenile court erred when it denied her request for a contested section 366.26 hearing so she could present evidence that the beneficial

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

parental relationship exception to adoption applied.  Because the sole issue raised by mother is not cognizable in this appeal, we dismiss the appeal.[2]

## BACKGROUND

We dispense with a detailed factual and procedural background as it is unnecessary to our resolution of this appeal.

The three young minors in this case were adjudicated dependent children of the court, removed from parental custody, and placed together in a foster home.  Minors R. and J. were detained from mother's custody on October 1, 2018, when they were three and one years of age, respectively.  Minor A. was subsequently born and detained immediately after her birth in January 2019.  Mother failed to reunify with the minors and her reunification services were terminated on November 14, 2019.  A section 366.26 hearing was set for March 5, 2020.

On March 3, 2020, mother filed a section 388 petition for modification requesting further reunification services, alleging she had continued in counseling and had obtained a job.  The petition also alleged the request was in the minors' best interests because they have "a strong relationship with their mother, and deserve to know their immediate and extended maternal family."

At the March 5, 2020 section 366.26 hearing, mother asked for a hearing on her section 388 petition for modification and requested the court set the section 366.26 for a

_____

[2] The parties did not originally address in their appellate briefs whether the issue raised by mother, challenging the order denying her request for a contested hearing, is cognizable in this appeal from the subsequent termination of her parental rights.  Concluding that the law is clear, we decided the issue without further briefing, but invited any aggrieved party to petition for rehearing.  (Gov. Code, § 68081.)  Mother accepted the invitation.  We granted mother's petition for rehearing and directed the parties to submit supplemental briefing limited to whether the propriety of the March 5, 2020 order challenged by mother is cognizable in the instant appeal.  We have reviewed and considered the supplemental briefs filed by the parties.

contested hearing on the basis of the beneficial relationship exception.[3] Yolo County Health and Human Services Agency (the Agency) argued against setting a contested section 366.26 hearing, stating it did not believe mother could meet her burden of proof to establish that termination of parental rights would be detrimental to the minors, in light of the fact that visits had not progressed beyond supervised visits, had been reduced to once a month, and did not go well. Regarding the section 388 petition, the Agency did not concede that mother had made a sufficient showing to be entitled to a hearing, but if the court was to set a contested section 388 hearing, the Agency requested it be contested only as to the section 388 petition, and not with respect to the section 366.26 hearing. The juvenile court asked mother's counsel to address whether a prima facie showing had been made regarding the section 388 petition. Mother's counsel stated "while the visitation has been stepped down, that was due to court order. Mother has consistently attended every visit that she has been permitted to attend. From her prospective [*sic*], the visits do go well. She has positive interactions with her children. Her children cling to her. They run to her. They do not want to leave her. These children do have a bond and positive relationship with the mother."

Addressing the court's concern that the circumstances appeared to be only changing and not yet changed, as required under section 388, mother's counsel stated that, since the last hearing, mother had participated in counseling, obtained employment, and completed a parenting course and additional parenting course work, which had provided insight for parenting the minors when permitted to do so. Mother's counsel made no other offer of proof regarding either the section 388 petition or the request for a contested section 366.26 hearing.

---

[3] The father of minor R., who is not a party to this appeal, also requested a contested section 366.26 hearing. Mother refused to identify the fathers of J. and A. and their identities remained unknown throughout these proceedings.

The juvenile court, Judge Tom Dyer presiding, found mother had made the prima facie showing required for a contested section 388 hearing, which it set for April 3, 2020. The court, however, denied the request for a contested section 366.26 hearing, stating, "I'm going to deny that based where things are, and based on dad's no visits, I don't think that at this point based upon the offer of proof that that burden can be met. [¶] As far as where the 388 occurs with mom, we'll -- we can revisit that based upon the Court's ruling on the 388. [¶] So we have a contested 388 at this point, the [366].26 contested is going to be denied as it pertains to both parents, but mom has a request to change the previous Court orders. We'll go from there at this point."

On March 25, 2020, the juvenile court continued the April 3, 2020 hearing to May 29, 2020. Judge Janene Beronio presided over the May 29, 2020 hearing on mother's section 388 petition for modification. After receiving evidence, the court denied mother's petition. Noting the previous request for a contested section 366.26 hearing had been denied, it set the section 366.26 hearing for August 7, 2020, to ensure there would be time for proper notice.

Judge Dyer presided over the August 7, 2020 section 366.26 hearing. The Agency recommended a permanent plan of adoption and termination of parental rights. Mother objected to termination of parental rights based on the beneficial parental relationship exception to adoption. Mother's counsel argued that mother had visited the minors and participated in services. Mother had done her best to develop a bond with A, and to strengthen her bond with R. and J., who had spent some time in mother's custody before their removal. She argued termination of parental rights would be a severe detriment to the minors. The Agency and minors' counsel argued no exception to adoption had been established and the minors were clearly adoptable.

The juvenile court found the minors were likely to be adopted. Finding no exception to adoption applied, it terminated parental rights and named the minors'

4

caregivers the prospective adoptive parents.  Mother filed a notice of appeal on

August 11, 2020, from the August 7, 2020 orders terminating her parental rights.

## DISCUSSION

The issue, as framed by mother, is "the juvenile court's denial of Mother's request

for a contested Welfare and Institutions Code section 366.26 hearing."  She argues,

"Given the facts of this case the trial court violated due process when it denied Mother a

contested section 366.26 hearing, specifically the regular visitation and contact exception

to termination of parental rights (§ 366.26, subd. (c)(l)(B)(i)).  Her offer of proof required

a contested hearing."

As acknowledged by mother, she requested a contested section 366.26 hearing,

*which request the court denied on March 5, 2020*.  Also as acknowledged by mother,

"[n]othing indicates that Judge Dyer revisited his March 5, 2020 denial of a contested

section 366.26 hearing on August 7, 2020."  Yet mother did not appeal from the March 5,

2020 order about which she now complains.  Nor was her notice of appeal timely as to

that order.  Mother filed her notice of appeal on August 11, 2020, from the August 7,

2020 orders terminating her parental rights.

Dependency proceedings are proceedings of an ongoing nature and appellate

jurisdiction to review an appealable order is dependent upon a timely notice of appeal.

(*In re Elizabeth G.* (1988) 205 Cal.App.3d 1327, 1331.)  A dispositional order

adjudicating a minor a dependent child under section 300 is appealable as a final

judgment and, with a few exceptions not applicable here, any subsequent order may be

appealed from as from an order after judgment.[4]  (§ 395; *In re Timothy N.* (1975)

---

[4] Orders issued at a hearing in which the court sets a section 366.26 hearing and posttermination removal or placement orders must be reviewed by extraordinary writ and are not reviewable on appeal unless, among other things, the petition for extraordinary writ review "was summarily denied or otherwise not decided on the merits."  (§§ 366.26, subd. (l); 366.28, subd. (b)(1).)

48 Cal.App.3d 862, 867; *In re Elizabeth M.* (1991) 232 Cal.App.3d 553, 563.)  An appeal from the most recent order entered in a dependency matter may not challenge prior orders for which the statutory time for filing an appeal has passed.  (*In re Elizabeth G.*, at p. 1331; *In re Elizabeth M.*, at p. 563.)  This rule "serves vital policy considerations of promoting finality and reasonable expedition, in a carefully balanced legislative scheme, and preventing late-stage 'sabotage of the process' through a parent's attacks on earlier orders."  (*In re Jesse W.* (2001) 93 Cal.App.4th 349, 355.)  " 'Permitting a parent to raise issues going to the validity of a final earlier appealable order would directly undermine dominant concerns of finality and reasonable expedition,' including 'the predominant interest of the child and state . . . .' "  (*Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1018.)

Mother's August 11, 2020 notice of appeal from the August 7, 2020 juvenile court orders is not effective as to the juvenile court's earlier orders, which were independently appealable.  (§ 395.)  Thus, she cannot challenge the order denying a contested section 366.26 hearing in this appeal.  Because this is the sole issue raised by mother herein and we are constrained by the limits of appellate jurisdiction from addressing this claim of error, we must dismiss the appeal.

### DISPOSITION

The appeal is dismissed.

        /s/
RAYE, P. J.

We concur:

   /s/
ROBIE, J.

   /s/
MURRAY, J.